OPINION. Abtjndell, Judge: The petitioner’s total income during the years 1948 and 1949 was interest received on a purchase money mortgage which was given when petitioner disposed of all of its real estate holdings in 1946. The income received was clearly personal holding company income within the meaning of section 502 (a) of the Internal Revenue Code of 1939, unless the purchase money mortgage from which the interest flowed was given in connection with the disposal of property held primarily for sale to customers in the ordinary course of business. (Section 502 (g) of the Internal Revenue Code of 1939.[1]) We have held in our findings that the property was not so held at the time of its sale in 1946. The record in this case is not too satisfactory. We do not know when Hess, who transferred the property to the corporation in 1924, first acquired it or built it and the circumstances surrounding this transaction. We do not know the circumstances surrounding the transfer of the property to petitioner or why it was transferred. We do know that between 1928 and 1946 the bottom was out of the real estate market in this area and even the rents were insufficient in most years to pay the expenses of operation. During these years, what the petitioner did was to retain its holdings and hope for a better day. During this period, it did not list the property for sale, fix a price it would take for it, or advertise it to interest would-be buyers. It sat passively by until 1946 when two prospective buyers appeared and accepted the better of the two offers it then received. Petitioner’s entire holdings were disposed of at this time in one transaction. The purchase price was $55,000, $20,000 was paid in cash and a purchase money mortgage of $35,000 executed by the buyers. These facts do not warrant a finding that the property in question was held primarily for sale to customers in the ordinary course of petitioner’s business. In fact, they require a holding to the contrary. It follows that the interest received by petitioner during 1948 and 1849 constitutes personal holding company income and petitioner is required to file and pay the personal holding company tax imposed by section 502. There remains only the question of whether the petitioner is liable for the penalty under section 291 (a) [2]- for its failure to file personal holding company returns for the years 1948 and 1949. The foregoing provision provides for a penalty for failure to file a personal holding company return “unless it is shown that such failure is due to reasonable cause and not due to willful neglect.” The burden of establishing reasonable cause is on the petitioner. Nothing was said on this issue by the petitioner except its basic contention that it was not liable for the personal holding company surtax because it had no personal holding company income. However, it has not been shown how petitioner’s officers arrived at this conclusion. There is nothing to indicate that this conclusion was based upon the opinion of reputable counsel or of other expert tax advisors who had been given all the facts regarding petitioner’s debatable status. In fact, there is nothing to indicate that petitioner’s officers even considered the possibility of liability for the personal holding company surtax until it was suggested by the respondent’s claims. In such circumstances we cannot find that petitioner’s officers exercised the necessary business prudence to constitute reasonable cause for failure to file the required returns. Wm. J. Lemp Brewing Co., 18 T. C. 586. Therefore, we hold that the penalty determined by the respondent is appropriate. Decision will be entered for the respondent. SEC. 502. PERSONAL HOLDING COMPANY INCOME. Por the purposes of this subchapter the term “personal holding company income" means the portion of the gross income which consists of : (a) Dividends, interest (other than interest constituting rent as defined in subsection (g)), royalties (other than mineral, oil, or gas royalties), annuities. [[Image here]] (g) Rents. — Rents, unless constituting 50 per centum or more of the gross income. Por the purposes of this subsection the term “rents” means compensation, however designated, for the use of, or right to use, property, and the interest on debts owed to the corporation, to the extent such debts represent the price for which real property held primarily for sale to customers in the ordinary course of its trade or business was sold or exchanged by the corporation * * * SEC 291. FAILURE TO FILE RETURN. (a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner In pursuance of law, unless It Is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which'such failure continues, not exceeding 25 per centum in the aggregate. The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, in which case the amount so added shall be collected in the same manner as the tax.